FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -9 A 8: 47

LORETTA G. WHYTE
           CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEROME ROGERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1693** |
| **OFFICER THOMAS MUSHINSKY, ET AL.** | **SECTION "A" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Jerome Rogers, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Officer Thomas Mushinsky, Officer Teressa Mushinsky, Officer Garrett Banquer, Officer John Bonnecarrere, the Hammond Fire Department, and the Hammond Police Department Internal Affairs Division. In his complaint, plaintiff asserts claims for excessive force and "abuse of authority." As relief, he seeks monetary damages.

On July 28, 2005, a Spears hearing was held to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] At that hearing, plaintiff was sworn and his testimony was recorded. Based on his

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt,

___ Fee_____
___ Process_____
_X_ Dktd_____
_/_ CtRmDep_____
___ Doc. No._____

complaint and <u>Spears</u> hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

Plaintiff testified that he has an extensive criminal record, mainly as a result of burglaries committed to support a drug problem he has had since he was fourteen years old. As a result of his criminal record, he is known to the local police officers and they stop him routinely. Plaintiff testified that he was beaten during an arrest by Officer Thomas Mushinsky on June 15, 2004. Plaintiff further alleges that he was falsely charged with battery on a police officer as a result of that incident. Although he feels that he was in fact not guilty of that offense, he pled guilty to the charge as part of a deal to be sentenced to time served and to have his bond reinstated on an unrelated offense.

At the <u>Spears</u> hearing, plaintiff stated that although he requested monetary damages when he filed the lawsuit, what he really wanted was to be allowed to participate in the Cenikor drug treatment program to get help with his addition to crack cocaine. He stated that he was willing to drop the lawsuit if he could be admitted to the program. The undersigned requested that defense counsel investigate that possibility. Counsel has done so and, unfortunately, has learned that plaintiff simply is not eligible for that program.

Plaintiff filed this lawsuit *in forma pauperis*.[2] An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

73 F.3d 600, 602 (5th Cir. 1996). <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant. <u>Id</u>.

[2] Rec. Docs. 2 and 3.

28 U.S.C. § 1915(e)(2)(B). The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[3] and fully considering his Spears hearing testimony, the Court finds that plaintiff's allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

The Court finds that the majority of plaintiff's claims are currently barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Id. at 486-87 (emphasis in original) (footnote omitted). Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, No. 03-41010, 2004 WL 75452 (5th Cir. Jan. 14, 2004) (unpublished); Kingery v. Hale, No. 03-20256, 2003 WL 22014564 (5th Cir. Aug. 26, 2003) (unpublished).

The Court construes plaintiff's "abuse of authority" claim as one for either false arrest or false imprisonment. In either event, Heck bars such a claim until such time as plaintiff obtains a favorable disposition on *all* convictions stemming from the challenged arrest. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (false arrest claims barred by Heck); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997) (false arrest and false imprisonment claims barred by Heck), aff'd, 158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998) (same). Because plaintiff pled guilty to the charge of battery on a police officer and presently stands convicted of that crime, a false arrest or false imprisonment claim is currently barred by Heck.[4]

Plaintiff's excessive force claim is likewise barred by Heck. The United States Fifth Circuit Court of Appeals has expressly held that where a plaintiff has been convicted of battery on a police officer, Heck bars an excessive force claim arising from the same incident. Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996).

---

[4] Although it is not entirely clear, it appears that plaintiff is also contending that Mushinsky abused his authority by allegedly calling the jail warden to have plaintiff's bond on unrelated, outstanding felony charges revoked. Even if that is plaintiff's claim and that contention is true, such an action taken by Mushinsky does not violate a right guaranteed to plaintiff by the United States Constitution.

Lastly, the Court notes that plaintiff has named as defendants the Hammond Fire Department and the Hammond Police Department Internal Affairs Division. As a preliminary matter, the Court notes that, rather than naming the individuals involved, plaintiff has named the departments themselves as defendants, an action which appears to be improper. See Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 909 (E.D. La. 2001); Norwood v. City of Hammond, Civil Action No. 99-879, 1999 WL 777713, at *3 (E.D. La. Sept. 30, 1999); see also Manley v. State of Louisiana, Civil Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001). Nevertheless, in any event, plaintiff's underlying claims are frivolous.

Plaintiff's claim against the fire department is one for inadequate medical care. After the alleged beating at the time of his arrest, the fire department apparently responded to a call for medical attention and determined that plaintiff needed no treatment for his "cuts and bruises." However, plaintiff was transported to the hospital anyway for an asthma problem, and again it was determined at the hospital that his "cuts and bruises" required no treatment. At best, plaintiff's claims against the firemen responding to the call would be for negligence or medical malpractice. Allegations of negligence or malpractice alone are never sufficient to state a claim for constitutionally inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999).

Plaintiff has sued the Hammond Police Department Internal Affairs Division apparently because one of its detectives allegedly promised plaintiff that he would be given assistance in getting into a drug treatment program if he gave a taped statement as part of the investigation into his complaint that he was beaten by Mushinsky. Plaintiff contends that was a lie, because he gave a taped statement but no such assistance was forthcoming. Even if that is true, no constitutional protection is implicated.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the Hammond Fire Department and the Hammond Police Department Internal Affairs Division be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is **FURTHER RECOMMENDED** plaintiff's remaining claims against the remaining defendants for false arrest, false imprisonment, and excessive force be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventh day of December, 2005.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEROME ROGERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1693** |
| **OFFICER THOMAS MUSHINSKY, ET AL.** | **SECTION "A" (1)** |

## O R D E R

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the failure of any party to file an objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. Therefore,

**IT IS ORDERED** that plaintiff's claims against the Hammond Fire Department and the Hammond Police Department Internal Affairs Division are **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** plaintiff's remaining claims against the remaining defendants for false arrest, false imprisonment, and excessive force are **DISMISSED WITH PREJUDICE** to their being asserted again until the <u>Heck</u> conditions are met.

New Orleans, Louisiana, this _____ day of _____, 200___.

_____
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEROME ROGERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1693** |
| **OFFICER THOMAS MUSHINSKY, ET AL.** | **SECTION "A" (1)** |

### JUDGMENT

The Court having approved the Report and Recommendation of the United States Magistrate Judge and having adopted it as its opinion herein; accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that plaintiff's claims against the Hammond Fire Department and the Hammond Police Department Internal Affairs Division are **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that plaintiff's remaining claims against the remaining defendants for false arrest, false imprisonment, and excessive force are **DISMISSED WITH PREJUDICE** to their being asserted again until the <u>Heck</u> conditions are met.

New Orleans, Louisiana, this _____ day of _____, 200__.

_____
**UNITED STATES DISTRICT JUDGE**